MAINER *v.* REYNOLDS.

A note is not negotiable by delivery only, unless made payable to bearer.

Where a note, not negotiable by delivery, is sued in the name of the indorser, a copy of the indorsement should be annexed to the petition.

In an action by the indorser of a note where the defendant pleads failure of consideration, and the court instructs the jury that they must be satisfied that the plaintiff had notice of the failure before the note was assigned, it will be persumed that the note was indorsed before due, unless the record shows to the contrary.

### Appeal from Polk District Court.

*Opinion by* GREENE, J. Action commenced by Charles Reynolds against Nathan Mainer, on a note made payable to N. Grant, and assigned by him to plaintiff. Defendant demurred, because there was no copy of the assignment annexed to the petition. Demurrer overruled. Verdict and judgment for plaintiff.

1. It is claimed that the court erred in overruling the demurrer. The Code requires that a copy of the instrument on which suit is founded, should be annexed to the pleadings. § 1750. But when such instrument is sued on in the name of the indorser, is it necessary to annex a copy of the indorsement? If the indorsement became material to the transfer of the note, or where the note

could not be transferred by mere delivery, we think that a copy of the indorsement should be regarded as a part of the note, and be annexed to the petition. In this case, the note was made to " Noah Grant " alone, and not to him or bearer. A note is not negotiable by delivery, unless made payable to "bearer." It follows, then, that the indorser's right to sue in his own name, depends upon the indorsement, and unless a copy of such indorsement is annexed to the petition, his right of action is not shown *prima facie* by the petition.

2. Appellant contends that the court erred in giving the following instruction, requested by the plaintiff below: "That if, from the evidence, they are satisfied there was a failure in any part of the consideration of the note] in controversy, before they can regard such failure, they must be satisfied that the plaintiff had notice of the failure, before the note was assigned to him by Grant." If the note was assigned before due, this instruction was appropriate, but if assigned after due it was erroneous. The record does not show the date of the indorsement, and therefore it must be presumed in favor of the instruction.

But as the court erred in overruling the demurrer, a trial *de novo* must be awarded.

Judgment reversed.

*Curtis Bates,* for appellant.

*Granger* and *Williamson,* for appellee.